# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | 1:11-cv-00615-GSA-PC |
|     Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 11.) |
| B. AMRHEIN, et al., | |
|     Defendants. | |

**I.  BACKGROUND**

Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 14, 2011, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 7.)  On June 28, 2011, Plaintiff filed a motion for reconsideration of the undersigned's order dismissing this action for Plaintiff's failure to obey a court order.  (Doc. 11.)

**II.  MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks

and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that his case should be reopened because he substantially complied with the Court's order of April 20, 2011 ("Order"). The Order provided that:

> "Within forty-five (45) days of the date of service of this order, plaintiff shall submit the attached application to proceed in forma pauperis, completed and signed, or in the alternative, pay the $350.00 filing fee for this action. **No requests for extension will be granted without a showing of good cause.** Within sixty (60) days of the date of service of this order, plaintiff shall submit a certified copy of his/her prison trust statement for the six month period immediately preceding the filing of the complaint.
> **Failure to comply with this order will result in dismissal of this action.**"

(Order, Doc. 3.)

Plaintiff asserts that upon receipt of the Court's order, he promptly completed the application to proceed in forma pauperis and gave it to his counselor with a request to obtain a copy of Plaintiff's trust account statement and mail it, with the application, to the Court. Plaintiff claims that the responsibility to mail the application rested with the counselor, and Plaintiff had no control of the process after he gave the application to the counselor.

It was Plaintiff's responsibility, not the counselor's responsibility, to comply with the Order or request an extension of time. The Order consisted of two parts. In the first part, Plaintiff was directed to complete and sign the application to proceed in forma pauperis and return it to the Court within forty-five (45) days. (Order, Doc. 3 at 1:19-21.) In the second part, Plaintiff was directed to submit a certified copy of his prison trust statement within sixty (60) days. (Id. at 1:22-24.) There

1  was no requirement in the order for Plaintiff to submit the application and the trust statement
2  together.  To comply with the first part of the order, Plaintiff only needed to fill out the application,
3  sign it, and return it to the Court within forty-five days.  In the alternative, Plaintiff could have either
4  paid the filing fee or requested an extension of time.  Fifty-seven days passed, and Plaintiff did not
5  pay the filing fee, submit an application, request an extension of time, or otherwise respond to the
6  order.  Plaintiff was forewarned in the Order that "**Failure to comply with this order will result**
7  **in dismissal of this action.**"  (Id. at 1:25.)

8      Plaintiff has not demonstrated that the Court committed clear error, or presented the Court
9  with new information of a strongly convincing nature, to induce the Court to reverse its prior
10 decision.  Therefore, the motion for reconsideration shall be denied.

11     Plaintiff states in his motion, "Should the Court deny this motion, I object, and the Clerk of
12 the Court is to consider this my Notice of Appeal, pursuant to applicable law, and Local Rules."
13 (Motion, Doc. 11 at 6:22-25.)  Plaintiff is advised that this statement does not constitute a valid
14 notice of appeal.  To appeal the Court's decision, Plaintiff must file a notice of appeal which meets
15 the requirements of Rule 3 of the Rules of Appellate Procedure.

16 **III.   CONCLUSION**

17     Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for
18 reconsideration, filed on April 29, 2011, is DENIED.

20     IT IS SO ORDERED.

21     Dated:   **September 6, 2011**               /s/ **Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE